UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BCC EQUIPMENT LEASING CORPORATION, :

                              Plaintiff,    :   22 Civ. _____

  - against -                                :   ***EX PARTE* ORDER FOR**
                                                          **IMMEDIATE POSSESSION OF**
LILAC WING LIMITED and                :   **AIRCRAFT AND INJUNCTION**
AIRBRIDGECARGO AIRLINES, LLC,

                              Defendant.
------------------------------------X

       Upon the Verified Complaint and the exhibits thereto; the Declaration of Helen Chao in Support of Ex-Parte Application executed on March 17, 2022; the Declaration of Mher Papyan in Support of Ex-Parte Application executed on March 17, 2022; the Declaration of Edward Heppt, executed on March 17, 2022, and the exhibits thereto; the accompanying Memorandum of Law; and all proceedings heretofore had herein, the *Ex Parte* Application of Plaintiff BCC Equipment Leasing Corporation ("BCC"), by its attorneys Smith, Gambrell & Russell, LLP, is hereby GRANTED as follows:

       This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1367 as BCC's claim arises under a treaty of the United States of America, namely the Convention on International Interests in Mobile Equipment and the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, two interrelated documents, both signed at Cape Town, South Africa, on 16 November 2001 (collectively referred to as the "Convention", but the text thereof that is cited to herein is the Consolidated Text of the Convention on International Interests in Mobile Equipment and the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, which was attached to Resolution No. 1 of the Final Act of the Diplomatic

Conference to adopt the Convention at Cape Town, South Africa on 16 November 2001 (the "CTC")).

Defendant Lilac Wing Limited ("Lilac Wing") is subject to personal jurisdiction in this Court pursuant to the Section 24.19 of the Finance Aircraft Lease Agreement (60687), dated as of July 14, 2021 between BCC and Lilac Wing (the "Head Lease").

Defendant AirBridgeCargo Airlines, LLC ("AirBridgeCargo") is subject to personal jurisdiction in this Court pursuant to the Section 24.19 of the Amended and Restated Aircraft Lease Agreement (60687), dated as of July 14, 2021 between Lilac Wing and AirBridgeCargo (the "Sublease").

This Court is the proper forum and venue for resolution of this matter as the Head Lease and Sublease each contain a valid choice of law provision selecting New York law as the governing law, a valid clause selecting this forum, a valid clause (referenced above) submitting to jurisdiction in this Court, and a valid clause irrevocably and unconditionally waiving any objection to this Court as a proper forum and venue for this civil action.

This Court has the authority to issue an Order pursuant to the CTC, the Head Lease, the Sublease, and New York law with respect to BCC's right to the advance remedy of immediate possession of the Boeing Model 747-8F airframe bearing Manufacturer's Serial Number 60687 (the "Airframe") with four General Electric Model GEnx-2B67/P bearing Manufacturer's Serial Numbers 959469, 959468, 959450 and 959470 (the "Engines") (the Airframe and Engines are collectively referred to as the "Aircraft"), which Aircraft is presently registered on the Bermuda Aircraft Registry with registration mark VQ-BFE.

The Court has authority, where the urgency of the situation requires, to issue this Order without a hearing pursuant to (1) Article 20 of the CTC, which is entitled to supremacy under the

Constitution of the United States, and (2) Section 19.02 of the Head Lease in which Lilac Wing specifically authorizes BCC to immediately retake possession of the Aircraft and waives any right to a hearing prior to BCC's obtaining possession of the Aircraft upon the occurrence of an Event of Default and (3) Section 17.01 of the Sublease which requires AirBridgeCargo to deliver the Aircraft, which includes the Engines, to BCC upon termination of the leasing of the Aircraft under the Head Lease.

Based upon the evidence before the Court, the Court finds that one or more Events of Default have occurred and are continuing in that Lilac Wing and AirBridgeCargo have failed to maintain the insurance on the Aircraft that is required by Article 13 of the Head Lease and failed to return the Aircraft and Engines to BCC as required by Article 19.02 of the Head Lease and Article 17.01 of the Sublease.

After being notified not to operate or move the Aircraft to Russia, AirBridgeCargo flew the Aircraft with one of the Engines and three spare engines, back to Russia on March 6, 2022. The very same day, AirBridgeCargo notified BCC that it had removed the Aircraft from commercial operations and that the Aircraft could not be moved outside of Russia without the approval of the Russian Aviation Authorities. At that time, the three other Engines leased to Lilac Wing and AirBridgeCargo (the "Off-Wing Engines") were then off-wing in the shop at two different maintenance facilities, one in Hong Kong, the other in Scotland.

Until BCC obtains physical possession of the of the Off-Wing Engines located in Hong Kong (the Engines bearing engine serial numbers 959469 and 959470) and Scotland (the Engine bearing engine serial number 959450), the Court finds there is an imminent threat that AirBridgeCargo will take the same or similar unauthorized and unlawful actions with respect to the Off-Wing Engines as it did with respect to the Airframe and the fourth leased Engine –

meaning, AirBridgeCargo will remove them to Russia and deny possession of the Off-Wing Engines to BCC for the immediate and foreseeable future.

Accordingly, it is hereby:

**ORDERED** that BCC is entitled to, and shall have, **IMMEDIATE POSSESSION** of the Off-Wing Engines located in Hong Kong (the Engines bearing engine serial numbers 959469 and 959470) and Scotland (the Engine bearing engine serial number 959450), and all engine documentation with respect to the Off-Wing Engines (including, without limitation, all logs, manuals, data, inspection and maintenance records, and other records with respect to the Off-Wing Engines, collectively the "Documentation"), and all parts and spare parts associated with the Off-Wing Engines; and it is further

**ORDERED,** that Defendants and all persons who are in active concert or participation with them and who receive actual notice of this order, shall, upon service of this Order in the manner described below, be immediately **ENJOINED AND RESTRAINED** from taking the following actions, alone or in concert with any person or entity: (i) attempting to exercise or exert any control over the Off-Wing Engines other than as may be directed by BCC, or to interfere in any way with BCC's possession of the Off-Wing Engines; (ii) preventing BCC from taking any action necessary to retake possession of the Off-Wing Engines and move them by any commercially reasonable means from Hong Kong or Scotland (or wherever they may be found) to an aircraft storage facility located in Victorville, California (or such other location in the United States as BCC may determine); and (iii) taking any steps with respect to the registration of interests of the Off-Wing Engines except as may be agreed to in writing by BCC; and it is further

**ORDERED,** that Defendants and persons who are in active concert or participation with them and who receive actual notice of this Order, shall immediately **TURNOVER** to BCC the

Off-Wing Engines and all Documentation for the Off-Wing Engines including that necessary to operate the Off-Wing Engines in international commercial aviation service; and it is further

**ORDERED** that if BCC so directs, Defendants are to instruct and direct the maintenance facilities and entities holding the Off-Wing Engines, Hong Kong Aircraft Engineering Company Limited and GE Caledonian Ltd. and GE Engine Services LLC, to cooperate with the transfer of the Off-Wing Engines to BCC; and it is further

**ORDERED**, that a copy of this Order, together with copies of the papers upon which it is based, shall be served upon Defendant Lilac Wing by personal delivery to its Process Agent appointed pursuant to the Head Lease, Corporation Service Company in New York, and Defendant AirBridgeCargo by personal delivery to its Process Agent appointed pursuant to the Sublease, Corporation Service Company in New York, so as to be received no later than March 29, 2022, at 5:00 p.m. and that such service shall be deemed good and sufficient; and it is further

**ORDERED**, that, for good cause shown, the sealing Order entered on March 17, 2022, is hereby extended, such that the Civil action will remain under seal until ~~it is automatically unsealed on~~ March 29, 2022; and it is further  *LLS*

**ORDERED**, that, pursuant to Article 20(5) of the CTC and the terms of the Section 19.07 of the Head Lease and Section 19.07 of the Sublease, no undertaking shall be required as AirBridgeCargo has waived any right for an undertaking.

Dated: New York, New York
       March 18, 2022

                                        SO ORDERED

                                        _Louis L. Stanton_
                                        , U.S.D.J.